UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES, | x | |
| Plaintiff, | x | |
| | x | Crim. No. 06-cr-00528 |
| v. | x | |
| | x | OPINION |
| MARVIN TILLMAN, | x | |
| Defendant. | x | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the court on the Motion for Reconsideration of Sentence filed by pro se Defendant Marvin Tillman [docket item #74]. The United States of America has opposed this motion [docket item #76]. For the reasons set forth below, the Motion for Reconsideration of Sentence will be denied by the Court.

**I.     Background**

Defendant Marvin Tillman conspired with Evrol Dean, Manley Grey and Dalton Crooks to rob an armored car. On February 14, 2006, Tillman and two co-conspirators drove to a bank in Livingston, New Jersey. Tillman operated the getaway vehicle, while his co-conspirators robbed the armored car. During the robbery, Grey shot an individual guarding the armored car. Fortunately, the guard was wearing a bullet-proof vest. After the robbery was effectuated, Tillman drove his co-conspirators until law enforcement officials apprehended the vehicle. The law enforcement officials arrested everyone, recovered bags of cash, a handgun and ammunition.

On May 2, 2007 Tillman pled guilty to conspiring to rob an armored vehicle. On March 5, 2008, this Court sentenced Tillman to a 140-month term of imprisonment. Tillman appealed the sentence, which was subsequently affirmed by the Third Circuit. On July 1, 2009, Tillman

filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255.  In this petition, Tillman argued that his counsel failed to object to the fact that the Pre-Sentencing Report ("PSR") miscalculated his criminal history by treating two offenses as separate offenses and that the wrong sentencing guidelines were used.  The Court denied this petition on December 3, 2009.

While the initial petition was pending, Tillman filed the Motion for Re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) and guideline U.S.S.G. § 4A1.2(a)(2).  Tillman argues that his conviction under indictment #92-090328 dated July 9, 1992 and his conviction under indictment #94-093145 dated June 8, 1994, should be treated as the same offense under U.S.S.G. § 4A1.2.  Furthermore, Tillman argues that the Court incorrectly used the sentencing guidelines in effect for the year 2005.  Tillman asserts that, as he was sentenced on March 5, 2008, he is entitled to the benefit of a sentencing provision which states, in relevant part:

> (a) where a defendant is serving a term of imprisonment, and the guideline range applicable tot hat defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d), a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. Section 3582(c)(2).
> U.S.S.G. § 4A1.2(a)(2).

For the reasons discussed below, the Court will deny Tillman's Motion for Reconsideration.

## II. Analysis

### A. Tillman Was Sentenced Pursuant To The November 1, 2007 Sentencing Guidelines.

Despite Tillman's contentions that "the court used the guidelines in effect for the year 2005," the record demonstrates that Tillman was, in fact, sentenced pursuant to the November 1, 2007 guidelines.  (PSR at 57) Tillman argues that he is entitled to be resentenced pursuant to the November 1, 2007 guidelines.  As Mr. Tillman was, in fact, sentenced pursuant to these

guidelines, he is not entitled to relief.

### B. The Instant 18 U.S.C. § 3582 Motion is Essentially A Re-argument Of Tillman's Prior 28 U.S.C. § 2255 Motion.

On July 1, 2009, Tillman filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. In this petition, Tillman argued that his counsel failed to object to the fact that the PSR miscalculated his criminal history by treating two offenses as separate offenses and that the Court used the incorrect sentencing guidelines. The Court denied this petition on December 3, 2009.[1] The Court ruled that the correct sentencing guidelines were used and the two offenses were appropriately treated as separate offenses, given that "the two offenses were committed two years apart, resulted in two separate indictments and sentenced on separate days." (Opinion at 3) Tillman, although styling the current motion as a § 3582 motion, essentially re-argues the same points put forth in his prior § 2255 motion. Tillman appears to add the additional argument that, as there were no intervening arrests, the two acts must be considered the same offense. Even if there was not an intervening arrest (which is unclear from the record), Tillman declines to demonstrate how two offenses that occurred two years apart, resulted in two different indictments and sentenced on separate days, could be considered the same offense under U.S.S.G. § 4A1.2.

### III. Conclusion

For the foregoing reasons, the Court denies Tillman's Motion for Reconsideration of Sentence [docket item #74]. An appropriate form of order will be filed together with this Opinion.

---

[1] Tillman's prior § 2255 petition is currently pending appeal. The extreme similarity between the § 2255 appeal and the instant petition, provides the Court with an additional basis for denying the instant petition. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939) (only under rare circumstances should a habeas petition be entertained while a direct appeal is pending.)

                                          s/ Stanley R. Chesler  
                                          Stanley R. Chesler, U.S.D.J.

Dated: March 2, 2010